13-1140
Ali v. Lynch

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         ROSEMARY S. POOLER,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
SOKANA ALI,
         <u>Petitioner</u>,

         -v.-                                13-1140

LORETTA LYNCH, UNITED STATES ATTORNEY
GENERAL,
         <u>Respondent</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:                   Joshua Bardavid, New York,
                                  NY.

FOR RESPONDENT:                   David H. Wetmore, Trial
                                  Attorney, Office of

1

Immigration Litigation (Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel, on the brief), United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Sokana Ali, a native and citizen of the Congo, seeks review of a March 19, 2013, decision of the BIA affirming the September 8, 2010, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Sokana Ali, No. A079 612 726 (BIA Mar. 19, 2013), aff'g No. A079 612 726 (Immig. Ct. N.Y. City Sept. 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008) (citation omitted). The applicable standards of review are well established. See Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009); Diallo v. INS, 232 F.3d 279, 287 (2d Cir. 2000). Ali does not challenge the pretermission of his asylum application as untimely. Moreover, although he states that he met his burden of proof for CAT relief, and lists the legal standards for that form of relief, he does not make any specific argument regarding his eligibility. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Accordingly, we only address his eligibility for withholding of removal.

Because Ali filed his asylum application in 2002, he is not subject to the requirements of the REAL ID Act. See REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 101(b), (h), 119 Stat. 231 (2005); Matter of S-B-, 24 I. & N. Dec. 42, 45 (BIA 2006).

2

Sensitive to the petitioner's post-traumatic stress syndrome, the IJ was careful to state that he did not find that the petitioner was "deliberately incredible." IJ Ruling at 10. Instead, the IJ concluded that the petitioner's testimony was "unreliable." Id. But neither the IJ nor the BIA considered the petitioner credible. Indeed, the IJ explicitly found that Ali "has not demonstrated credible testimony." Id. The IJ had a substantial basis for this finding. As he noted, "[t]he list of contradictions and omissions -- large and small -- is nearly endless." Id. at 11.

The IJ also noted the lack of corroboration. In the absence of a finding that the petitioner was credible, the IJ was not obliged to apply the rule of Diallo, 232 F.3d at 285-90, and Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 153 (2d Cir. 2003), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 305 (2d Cir. 2007) (in banc), which requires an explanation of why corroboration is reasonably expected and why a petitioner's excuse for not providing corroboration is not persuasive. As we made clear in Balachova v. Mukasey, 547 F.3d 374, 382 (2d Cir. 2008), that rule applies to "an otherwise credible asylum application." Nonetheless, the IJ explicitly cited Diallo in discussing the corroborating evidence standard. See IJ Ruling at 10. Furthermore, the IJ specifically referred to the absence of a letter from Ali's roommate, who purportedly knew the date of Ali's arrival in the United States, see id. at 11, and to the unexplained omission from Ali's mother's letter of facts of which she would reasonably be aware, such as the names of Ali's brothers, see id., in determining Ali had not provided adequate evidence to support his claim.

With the claim for withholding of removal unsupported by credible evidence, indeed based on testimony reasonably found to be unreliable, the claim was properly denied.

The BIA reasonably rejected Ali's claim of a due process violation based on alleged translation errors, noting that Ali had "not revealed what material evidence was omitted due to translation error." BIA Opinion at 2.

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK